**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

PAUL R. WALLACE
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

July 26, 2019

Jeffrey M. Weiner, Esquire
1332 King Street
Wilmington, DE 19801

Herbert W. Mondros, Esquire
Margolis Edelstein
302 Delaware Avenue, Suite 800
Wilmington, DE 19801

RE: Henlopen Hotel, Inc. v. United National Insurance Company
C.A. No. N18C-09-212 PRW

Dear Counsel:

The Court has now reviewed the parties' submissions on Henlopen Hotel's first Motion to Compel (D.I. 38 and 63). That motion seeks to have the Court compel answers to the Hotel's Supplemental Interrogatories Nos. 17 and 18 to United National which read as follows:

17. Identify every claim received on or after September 13, 2008, involving a pipe from which water flowed causing property damage.

18. Identify every claim received on or after September 13, 2008 in which Defendant claimed an exclusion based upon **B. Exclusion** in Special Form CP 1030.

The Court has considered the arguments of the parties in their papers and those made at the motion's hearing on July 15, 2019.

When faced with a motion to compel discovery, the Court determines whether the discovery sought is reasonably calculated to lead to admissible, non-privileged evidence.[1] The Court is mindful that "[t]he scope of permissible discovery is broad, therefore objections to discovery requests, in general, will not be allowed."[2] And, under this Court's discovery rules, the objecting party bears the burden to show why the information sought is improperly requested.[3]

---

[1] Del. Super. Ct. Civ. R. 26(b)(1); *Alberta Sec. Comm. v. Ryckman*, 2015WL 2265473, at *9 (Del. Super. Ct. May 5, 2015).

[2] *Hunter v. Bogia*, 2015 WL 5050648, at *2 (Del. Super. Ct. July 29, 2015).

[3] *Id.*

But once an objection is lodged, "the party seeking the information must provide some minimal explanation as to why the discovery satisfies the requirements of relevance and conditional admissibility."[4]

The Hotel has not done so here. Rather, the Hotel argues only over the form of United National's objections and cites authorities speaking on form, not substantive, issues.[5] While the first line of United National's objections may contain somewhat time-worn generic phrasing, their whole speaks to issues of relevance over breadth, and specific burden.[6]

As to the two inquiries made here – each of which requests ten years of information on wholly unrelated claims of others United National insured – the Court finds that the Hotel has not provided (either in writing or at argument) even the minimal explanation of relevance or conditional admissibility for its request. And, this has remained so even when confronted with clearly contrary authority from this Court.[7]

Accordingly, the Court **DENIES** the Hotel's motion to compel further responses to its Supplemental Interrogatories Nos. 17 and 18.

**IT IS SO ORDERED.**

Very truly yours,

Paul R. Wallace

PRW/asg
cc:     Prothonotary

---

[4]     *Id.* at *6 n.54 (quoting *In re Appraisal of Dole Food Co., Inc.*, 114 A.3d 541, 551 (Del. Ch. 2014)).

[5]     Pl. Mot. To Compel, at 5-6 (arguing only that Defendant's objections are insufficient because, in its view, they are "generic," "formulaic," and "boilerplate.").

[6]     *Id.* at 4-5 (reproducing Defendant's written responses to disputed interrogatories.).

[7]     *See, e.g., Clark Equipment Co. v. Liberty Mutual Ins. Co.*, 1995 WL 867344, at *2-3 (Del. Super. Ct. Apr. 21, 1995) (denying similar "other claims" request on relevance and burden grounds); *Unisys Corp. v. Royal Indemnity Co.*, 2001 WL 845666, at *6 (Del. Super. Ct. May 25, 2001) (when such "other insureds" information is sought, "[t]he potential for side-show mini-trials and rampant confusion" is manifest.).